UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-8458-FLA (KK) | Date: | November 3, 2021 |
|---|---|---|---|
| Title: | *Adrian Barajas v. Michael Carvajal, et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DONNISHA BROWN | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order to Show Cause Why This Action Should Not Be Dismissed Without Prejudice for Lack of Jurisdiction

On October 21, 2021, Petitioner Adrian Barajas ("Petitioner"), a federal inmate currently detained at Federal Correctional Institution-Victorville I, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 ("Section 2241"). ECF Docket No. ("Dkt.") 1, Pet. While not entirely clear, Petitioner appears to argue he is being deprived of "good time credits pursuant to the First Step Act.[1]  Id. Specifically, Petitioner argues he should be receiving ten days of credit off his sentence for every thirty days he has participated in eligible programming since December 21, 2018.  Id. The Petition, however, appears subject to dismissal because Petitioner has not alleged he is currently being held in violation of the law of the United States. The Court will nonetheless allow Petitioner an opportunity to address this issue prior to dismissing the Petition.

---

[1] The First Step Act of 2018, Pub. L. 115–391, 132 Stat. 5194 (2018), was enacted on December 21, 2018. In relevant part, the First Step Act provides:

> A prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits as follows:
>
> (i) A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

18 U.S.C. § 3632(d)(4)(A).

On January 25, 2018, Petitioner pled guilty to one count of distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) in United States District Court in the Northern District of Oklahoma. USA v. Adrian Barajas, 4:17-CR-00063-CVE-3, dkt. 96, Judgment. Petitioner was sentenced to 120 months in federal custody. Id.; Pet. at 7.

While it is not entirely clear whether the Bureau of Prisons ("BOP") is complying with the First Step Act by failing to promptly recompute inmates' sentences, it does not appear that there is any violation specifically as to Petitioner. Petitioner argues he is entitled to 340 days, or just over eleven months, of earned time credit under the First Step Act. Pet. at 17. Petitioner admits he is now properly registered with the BOP as Federal Time Credit Eligible. See id. at 67. Petitioner further acknowledges his security level is Medium, and alleges that as of October 21, 2021, when he filed the instant Petition, he has fifty-four months left on his sentence. Id. at 7. Thus, assuming a full award of good time credit based on Petitioner's calculation, he would still have approximately forty-three months left on his sentence. Hence, provided the BOP updates Petitioner's sentence computation with sufficient time to ensure he is timely released as required under the First Step Act, habeas relief is not warranted because Petitioner would not be held in violation of the laws of the United States. 28 U.S.C. § 2241(c)(3) (a "writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."); see also Lewis v. Rios, No. 19-CV-1030 (SRN/ECW), 2020 WL 555373, at *4 (D. Minn. Jan. 13, 2020), report and recommendation adopted, No. 19-CV-1030 (SRN/ECW), 2020 WL 553483 (D. Minn. Feb. 4, 2020) (dismissing Section 2241 Petition without prejudice because there was still ample time for the BOP to recalculate petitioner's release date under the First Step Act before his projected release date).

For the above reasons, Petitioner is not currently being held in violation of the law of the United States and the Petition appears subject to dismissal without prejudice to Petitioner filing a later petition if the BOP fails to properly calculate his sentence. Hence, no later than **November 23, 2021, Petitioner is ORDERED TO SHOW CAUSE in writing** why the Petition should not be dismissed by explaining why the deficiency above does not warrant dismissal.

Alternatively, **Petitioner may voluntarily dismiss the action without prejudice** pursuant to Federal Rule of Civil Procedure 41(a) by filing a voluntary dismissal of this action. The Clerk of the Court has attached a Notice of Dismissal form for Petitioner's convenience. However, the Court warns Petitioner that if Petitioner should later attempt to again raise any dismissed claims in a subsequent habeas petition, those claims may be time-barred under the statute of limitations in 28 U.S.C. § 2244(d)(1). 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

**The Court expressly warns Petitioner that failure to timely file a response to this Order will result in the Court's dismissal of this action without prejudice for lack of jurisdiction and/or for failure to comply with court orders. See FED. R. CIV. P. 41(b).**

The Clerk of Court is directed to serve a copy of this Order and a Notice of Dismissal form on Petitioner at his current address of record.

**IT IS SO ORDERED.**

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

|  | CASE NUMBER |
|---|---|
| Plaintiff(s), | |
| v. | |
| Defendant(s). | **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)** |

PLEASE TAKE NOTICE: (*Check one*)

☐ This action is dismissed by the Plaintiff(s) in its entirety.

☐ The Counterclaim brought by Claimant(s) _____ is dismissed by Claimant(s) in its entirety.

☐ The Cross-Claim brought by Claimants(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ The Third-party Claim brought by Claimant(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ **ONLY** Defendant(s) _____

is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by _____.

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).

_____        _____
*Date*                                          *Signature of Attorney/Party*

NOTE: **F.R.Civ.P. 41(a): This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.**

**F.R.Civ.P. 41(c): Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.**