UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN BARAJAS, | Case No. 2:21-CV-08458-FLA (KKx) |
| Petitioner, | |
| v. | **ORDER SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE** |
| MICHAEL CARVAJAL, ET AL., | |
| Respondents. | |

## I.

## **INTRODUCTION**

On October 21, 2021, Petitioner Adrian Barajas ("Petitioner"), a federal inmate currently detained at Federal Correctional Institution-Victorville I, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 ("Section 2241"). ECF Docket No. ("Dkt.") 1, Pet.  On November 3, 2021, the Court issued an Order to Show Cause Why This Action Should Not Be Dismissed Without Prejudice for Lack of Jurisdiction ("OSC").  Dkt. 3.  Petitioner did not file a response to the OSC. For the reasons discussed below, the Court summarily DISMISSES this action without prejudice.

///

///

## II.

## **BACKGROUND**

On January 25, 2018, Petitioner pled guilty to one count of distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) in the United States District Court for the Northern District of Oklahoma. United States v. Adrian Barajas, 4:17-CR-00063-CVE-3, dkt. 96, Judgment. Petitioner was sentenced to 120 months in federal custody. Id.; Pet. at 7.

On October 21, 2021, Petitioner filed the instant Petition. Pet. While not entirely clear, Petitioner appears to argue he is being deprived of "good time credits" pursuant to the First Step Act.[1] Dkt. 1. Specifically, Petitioner argues he should be receiving ten days of credit off his sentence for every thirty days he has participated in eligible programming since December 21, 2018. Id.

On November 3, 2021, the Court issued an Order to Show Cause Why This Action Should Not Be Dismissed Without Prejudice for Lack of Jurisdiction ("OSC"). Dkt. 3. The OSC further warned Petitioner's "**failure to timely file a response . . . will result in the Court's dismissal of this action without prejudice for lack of jurisdiction and/or for failure to comply with court orders**." Id. at 2 (citing FED. R. CIV. P. 41(b), emphasis in original).

The time for filing a response has passed, and Petitioner has failed to file a response or request an extension of time to do so.

///

///

---

[1] The First Step Act of 2018, Pub. L. 115–391, 132 Stat. 5194 (2018), was enacted on December 21, 2018. In relevant part, the First Step Act provides:

> A prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits as follows:
>
> (i) A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

18 U.S.C. § 3632(d)(4)(A).

## III.

## **DISCUSSION**

While it is not entirely clear whether the Bureau of Prisons ("BOP") is complying with the First Step Act by failing to promptly recompute inmates' sentences, it does not appear that there is any violation specifically as to Petitioner. Petitioner argues he is entitled to 340 days, or just over eleven months, of earned time credit under the First Step Act. Pet. at 17. Petitioner admits he is now properly registered with the BOP as "Federal Time Credit Eligible." See id. at 67. Petitioner further acknowledges his security level is Medium, and alleges that as of October 21, 2021, when he filed the instant Petition, he has fifty-four months left on his sentence. Id. at 7. Thus, assuming a full award of good time credit based on Petitioner's calculation, he would still have approximately forty-three months left on his sentence. Hence, provided the BOP updates Petitioner's sentence computation with sufficient time to ensure he is timely released as required under the First Step Act, habeas relief is not warranted because Petitioner would not be held in violation of the laws of the United States. 28 U.S.C. § 2241(c)(3) (stating a "writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States"); see also Lewis v. Rios, No. 19-CV-1030 (SRN/ECW), 2020 WL 555373, at *4 (D. Minn. Jan. 13, 2020), report and recommendation adopted, 2020 WL 553483 (D. Minn. Feb. 4, 2020) (dismissing Section 2241 Petition without prejudice because there was still ample time for the BOP to recalculate petitioner's release date under the First Step Act before his projected release date).

Petitioner is, therefore, not currently being held in violation of the law of the United States and the Petition is subject to dismissal without prejudice to Petitioner filing a later petition if the BOP fails to properly calculate his sentence.

///

///

## IV.
## **ORDER**

Thus, this Court ORDERS Judgment be entered summarily DISMISSING this action without prejudice.

Dated: December 21, 2021

FERNANDO L. AENLLE-ROCHA
United States District Judge

Presented by:

KENLY KIYA KATO
United States Magistrate Judge

4